PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
**FILED**
APR 08 2019
David J. Bradley
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___VICTORIA___ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Refugio DeLaCruz
PETITIONER
(Full name of Petitioner)

Stevenson Unit
CURRENT PLACE OF CONFINEMENT

vs.

2068062
PRISONER ID NUMBER

Lori Davis
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other:_____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____
   195th Judicial District Court; Dallas County, Texas

2. Date of judgment of conviction: 5/3/15

3. Length of sentence: 25-years-TDCJ

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:_____
   15-75563-N

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☐ Not Guilty   ☒ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☒ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal? __N/A__

    Cause Number (if known): __N/A__

    What was the result of your direct appeal (affirmed, modified or reversed)? __N/A__

    What was the date of that decision? __N/A__

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: __N/A__

    Result: __N/A__

    Date of result: __N/A__   Cause Number (if known): __N/A__

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: __N/A__

    Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __195th Judicial District Court / Dallas County, TEXAS__

    Nature of proceeding: __§ 11.07__

    Cause number (if known): __W15-75563-N(A) / WR-87,375-01__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 2/15/17

Grounds raised: Ineffective Assistance of Counsel, please see Grounds 1-3 in WR-87,375-01

Date of final decision: on or about 9/2018

What was the decision? Denied without written order

Name of court that issued the final decision: CCA

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: CCA

Nature of proceeding: Motion For Submission En Banc Per TRAP 76(d) For Fraud Upon Court

Cause number (if known): WR-87,375-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 9/2018

Grounds raised: Fraud Upon The Court

Date of final decision: 9/4/2018

What was the decision? Denied

Name of court that issued the final decision: CCA

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

(b) Give the date and length of the sentence to be served in the future: N/A

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☒ No

**Parole Revocation:** N/A

13. Date and location of your parole revocation: ___N/A___

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No N/A

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:** N/A

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No N/A

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No N/A

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: ___N/A___

    Disciplinary case number: ___N/A___

    What was the nature of the disciplinary charge against you? ___N/A___

18. Date you were found guilty of the disciplinary violation: ___N/A___

    Did you lose previously earned good-time days? ☐ Yes ☐ No N/A

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: ___N/A___

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    ___N/A___

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No N/A

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: ___N/A___

Date of Result: ___N/A___

Step 2 Result: ___N/A___

Date of Result: ___N/A___

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Ineffective Assistance of Counsel was rendered by counsel violating Petitioner's Due Process, 5th, 6th, and 14th Amendment Right to U.S. Const.

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Please see attached for 'Supporting Facts' - GROUND ONE

B. **GROUND TWO:** ___

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

C.  **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.  **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: Petitioner respectfully request that due to his Due Process, 5th, 6th, and 14th Amendments to the U.S. Constitution being violated, he should be entitled to a lesser included offense of up to 10-years TDCJ because he never denied his action, but due to the circumstances and fear for his life, he acted in fear and in self defense as a handicapped man that was severly beaten by two grown men that outsized and outweighed him by at least 200 pounds or more. Thus Ineffective assistance of counsel is clear in the record not to fail to mention the fruad upon the court and now the State's attempt to 'TRANSFER' fraud upon this Honorable Court.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
   If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

   _____

   _____

   If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No  N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
   ☐ Yes  ☒ No

   If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

   N/A_____

   _____

   _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

   If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. __N/A_____

   _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: _Brook A. Busbee (Bar #03488000); 3500 Maple Ave, Suite 400; Dallas, TX. 75219_
   (b) At arraignment and plea: _Same_
   (c) At trial: _Same_
   (d) At sentencing: _Same_
   (e) On appeal: _N/A_
   (f) In any post-conviction proceeding: _Pro-Se_

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

Pro-Se

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

As stated in **Day v. McDonough**, 126 S.Ct. 1675 (2006): At 1687:

We repeatedly asserted that, the passage of time alone could not extinguish the habeas corpus rights of a person subject to unconstitutional incarceration. See **Pennsylvania ex rel. Herman v. Claudy**, 350 U.S. 116, 123, 76 S.Ct. 223. For better or for worse, this doctrine was so well established that the lower courts regularly entertained petitions filed even after extraordinary delays. See, e.g., **Hawkins v. Bennett**, 423 F.2d 948, 949 (CA 8, 1970(40-yrs); see also **Granberry**, 107 S.Ct. 1671.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

April 1, 2019 (month, day, year).

Executed (signed) on April 1, 2019 (date).

*R De la Cruz*
Signature of Petitioner (required)

Petitioner's current address: SB No. 2068062

1525 F.M. 766

Cuero, TX. 77954

ATTACHMENT

SUPPORTING FACTS - GROUND ONE

Petitioner's Due Process, 5th, 6th, and 14th Amendment Rights to the U.S. Constitution were violated because defense counsel rendered ineffective assistance of counsel for failing to:

1. introduce to the Court that Petitioner is actually physically handicap since childhood:

--his left are is about 25" in length and about 14" in width -vs- his
--right arm is about 20" in length and about 10" in width severely handicapping him;

2. failed to use the medical reports that investigator Joe Vela possessed supporting Petitioner's handicap...Court never saw or aware of such;

3. **failed** to introduce to the Court the photos from the police and hospital that support the extent of Petitioner's physical assault, bruising, two-black-eyes, swelling of his face from the beating by two full grown men while one held his deformed arm and both hands while the other 'freely' beat him severely; some stitches needed and applied at Parkland Hostpital that night.;

4. failed to introduce favorable evidence of the victims blood that contained illegal drugs and alcohol at time of altercation;

5. failed to raise 'sudden passion'; fear of his life at 5'3" tall or so; and weight of about 140 pounds;

6. defense counsel willfully and intentionally lied, committing fraud upon the convicting court and to the CCA and now attempting to 'TRANSFER' such to this Honorable Court when counsel states in her Affidavit:..."He never said he had a handicap" (Affidavit stamp filed 4/27/18 at page 1), see also Investigator Joe Vela's notes and Petitioner's medical records to support;

7. failed to personally investigate the case or familiarize her self. See also all 3-ineffective assistance raised in Grounds 1-3 in WR-87,375-01.

1

Petitioner respectfully request a live evidentiary hearing and appointment of counsel so Petitioner may simply remove his shirt in all respects to show the Honorable Court that he is in fact physically handicap and only about 5'3" tall or so, and weight is about 145 now.